UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MARQUIS HOLIDAY,<br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>　　　　　　　　　　Respondent. | Case Nos.: 25-cv-00082-AJB;<br>　　　　　　17-cr-01370-AJB<br><br>**ORDER:**<br><br>**1) DENYING PETITIONER'S MOTION FOR DISCOVERY;**<br><br>**2) DENYING AS MOOT PETITIONER'S MOTION FOR SUMMARY JUDGMENT; AND**<br><br>**3) GRANTING PETITIONER'S MOTION FOR CLARIFICATION**<br><br>**(Doc. Nos. 301; 302; 303)** |

　　　Before the Court are three motions filed by Petitioner Juan Marquis Holiday ("Petitioner"). (Doc. Nos. 301, 302, 303.) Petitioner filed a Motion for Discovery (Doc. No. 301), Motion for Summary Judgment and Prompt Hearing ("Motion for Summary Judgment") (Doc. No. 302), and Motion for Clarification (Doc. No. 303). Having reviewed the Petitioner's briefs and all relevant filings, and for the reasons set forth below, the Court **DENIES** Petitioner's Motion for Discovery, **DENIES AS MOOT** Petitioner's Motion for

Summary Judgment, and **GRANTS** Petitioner's Motion for Clarification.

## I. BACKGROUND

On January 13, 2025, Petitioner timely filed a § 2255 habeas Motion ("§ 2255 Motion") (Doc. No. 287) and Motion to Appoint Counsel (Doc. No. 286). He also sought a 30-day extension from the date he received the Government's response to his § 2255 Motion to file his traverse. (Doc. No. 288.) Petitioner timely filed his traverse on April 2, 2025. (Doc. No. 291.) Petitioner also filed a Motion for Sanctions on April 2, 2025. (Doc. No. 292.) Petitioner's motions are pending before the Court.

On May 8, 2025, Petitioner filed the instant three motions: (1) Motion for Discovery (Doc. No. 301); (2) Motion for Summary Judgment (Doc. No. 302); and (3) Motion for Clarification (Doc. No. 303). The Court's ruling on the instant three motions follows.

## II. MOTION FOR DISCOVERY

Petitioner's Motion for Discovery seeks "[d]iscovery of the 'documentation' of the 'chain of custody' of the DNA evidence," which Petitioner seeks in support of his Motion for Summary Judgment. (Doc. No. 301.) Petitioner's Motion for Discovery is procedurally defective and fails on the merits.

Rule 6(b) of the Rules Governing Section 2255 Proceedings stipulates, "[a] party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission and must specify any requested documents." *See* Rule 6(b) of the Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255. Petitioner's discovery motion fails to comply with Rule 6(b) because Petitioner does not provide any reasons justifying his generalized discovery request seeking "'[d]ocumentation' of the 'chain of custody' of the DNA evidence" other than that he seeks it "[i]n support of the Motion for Summary Judgment." *Id.* Petitioner's vague request lacks sufficient justification to comply with Rule 6(b). *Id.*

Petitioner's discovery request also lacks merit because the record before the Court of the chain of custody of the DNA evidence at issue in Petitioner's criminal trial is clear. (*See generally* Doc. No. 191.) In Petitioner's § 2255 Motion, Petitioner asserts that "it was

1  obvious the chain of custody between the officer that discovered [the DNA evidence],"
2  Officer Kyle Rack, and the officer who retrieved the DNA evidence, Officer Salvador
3  Torres, "had not been established or maintained," and that Officer Torres "did not testify
4  at trial." (Doc. No. 287-1 at 12.) Petitioner is incorrect. First, Officer Rack's testimony at
5  Petitioner's trial reveals that he discovered a black plastic bag near the site of a robbery,
6  secured the scene, and notified the case agent, Officer Torres, of the bag. (Doc. No. 191 at
7  28:16-23, 30:16-20, 31:6-7, 35:7-6.) Petitioner's attorney, Mr. Brown, cross-examined
8  Officer Rack. (*Id.* at 35.) Second, on March 4, 2020, Officer Torres testified that he was
9  notified by Officer Rack of the secured bag, so Officer Torres, while wearing gloves so as
10 not to contaminate any evidence, collected and impounded the evidence containing the
11 DNA. (*Id.* at 68:14–69:19.) Petitioner's attorney also cross-examined Officer Torres. (*Id.*
12 at 69.) Finally, a crime scene specialist, Ms. Ally Southerland, testified regarding the anti-
13 contamination procedures and techniques she employed to process the DNA sample found
14 on the secured plastic bag in this case. (*Id.* at 38–39.) Petitioner's attorney also cross-
15 examined Ms. Southerland. (*Id.* at 40.) Because the record clearly establishes the chain of
16 custody of any DNA evidence on the plastic bag discovered by Officer Rack, collected by
17 Officer Torres, and examined by Ms. Southerland, the Court finds no further discovery is
18 required.

19    Finally, discovery regarding the improperly filed Motion for Summary Judgment is
20 moot as the Court is denying that motion herein.

21    Accordingly, the Court **DENIES** Petitioner's Motion for Discovery.

22 **III.   MOTION FOR SUMMARY JUDGMENT**

23    Petitioner's Motion for Summary Judgment seeks a ruling on two issues Petitioner
24 also raises before the Court in his pending § 2255 Motion: (1) whether the DNA evidence
25 presented at Petitioner's trial was subject to a lapse in the chain of custody, and (2) whether
26 his counsel was ineffective for failing to investigate a possible alibi witness to testify at
27 Petitioner's trial. (Doc. No. 302 at 2–3.)

28    Petitioner's Motion for Summary Judgment is procedurally defective in at least two

ways. First, Petitioner's Motion for Summary Judgment is a procedurally improper vehicle for the relief he seeks and is inappropriately duplicative of his pending § 2255 Motion. Rule 2 of the Rules Governing Section 2255 Proceedings specifies that the appropriate form of applying for relief "must be in the form of a motion to vacate, set aside, or correct the sentence." *See* Rule 2(a) of the Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255. As previously noted, Petitioner already seeks relief on the exact same grounds raised in his Motion for Summary Judgment in his pending § 2255 Motion, which is the appropriate procedural mechanism to seek relief as outlined in Rule 2. (*See* Doc. No. 287.) Because Petitioner's Motion for Summary Judgment violates Rule 2(a) of the Rules Governing Section 2255 Proceedings and is duplicative of his § 2255 Motion before the Court, the Court denies as moot Petitioner's Motion for Summary Judgment.

Furthermore, this Court's Civil Case Procedures stipulate that a hearing date for any noticed motion must be obtained from the appropriate law clerk before filing any motion. *See* J. Battaglia Civ. Proc. Sec. III. Petitioner failed to ask for a hearing date for his Motion for Summary Judgment before filing. *Id.* Petitioner's failure to adhere to this Court's Civil Case Procedures provides additional grounds to deny Petitioner's Motion for Summary Judgment.

Accordingly, the Court **DENIES AS MOOT** Petitioner's Motion for Summary Judgment.

### IV. MOTION FOR CLARIFICATION

Finally, Petitioner seeks clarification on two items on the docket. (Doc. No. 303.) First, Petitioner asks, "what was meant by Motions and Judge association terminated," and "how does that relate to the motion for extension of time?" (*Id.* at 1.) The text appearing on the docket that states, "Motions and Judge Association terminated, ECF No. 289, as to Juan Marquis Holiday: 288 MOTION for Extension of Time to File filed by Juan Marquis Holiday" is merely an internal tracking entry for the Clerk of Court's internal processing. It has no bearing on any of Petitioner's pending motions before the Court. Petitioner's motion for extension of time to file traverse, (Doc. No. 288), was granted.

Second, Petitioner asks why the Court terminated the hearing on his § 2255 Motion. (Doc. No. 303 at 1.) Civil Local Rule 7.1.d.1. provides, "[a] judge may, in the judge's discretion, decide a motion without oral argument." CivLR 7.1.d.1. Pursuant to Civil Local Rule 7.1.d.1, the Court found Petitioner's § 2255 Motion suitable for determination on the papers and without oral argument. Accordingly, it deemed Petitioner's § 2255 Motion and Motion to Appoint Counsel submitted. (Doc. No. 293.) When the briefing is complete in this case, the Court may, it its discretion set a hearing.

Accordingly, the Court **GRANTS** Petitioner's Motion for Clarification.

## V.   CONCLUSION

For the reasons stated above, the Court **DENIES** Petitioner's Motion for Discovery, **DENIES AS MOOT** Petitioner's Motion for Summary Judgment, and **GRANTS** Petitioner's Motion for Clarification.

The Court **ORDERS** Petitioner not to file any additional motions unless he receives advanced permission and a hearing date from the Court pursuant to Section III of this Court's Civil Case Procedures. *See* J. Battaglia Civ. Proc. Sec. III.

**IT IS SO ORDERED**.

Dated: May 9, 2025

Hon. Anthony J. Battaglia
United States District Judge