UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MARQUIS HOLIDAY,<br>                                      Petitioner,<br>v.<br>UNITED STATES OF AMERICA,<br>                                      Respondent. | Case Nos.: 25-cv-00082-AJB;<br>               17-cr-01370-AJB<br><br>**ORDER COMPELLING DECLARATION FROM PETITIONER'S FORMER COUNSEL ABSENT PETITIONER'S OBJECTION**<br><br>**(Doc. Nos. 286)** |

Before the Court is Petitioner Juan Marquis Holiday's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion to Vacate"), alleging ineffective assistance of counsel by his attorney, Douglas C. Brown. (Doc. No. 287.)[1] Respondent the United States (the "Government") filed an opposition to the Motion to Vacate, (Doc. No. 290), to which Petitioner replied, (Doc. No. 291).

///

---

[1] The instant Motion to Vacate before the Court is filed in both Petitioner's civil case and the underlying criminal case. (*Compare* Doc. No. 1, *Holiday v. United States*, No. 25-cv-00082-AJB (S.D. Cal.) *with* Doc. No. 287, *United States v. Holiday*, No. 17-cr-001370-AJB-1 (S.D. Cal.).) Hereafter, all docket entries refer to those in Petitioner's criminal case unless otherwise specified.

### I. PARTIAL WAIVER OF ATTORNEY-CLIENT PRIVILEGE

Absent from the parties' briefing is an affidavit or declaration from Petitioner's former counsel, Mr. Brown, addressing Petitioner's allegations. (*See generally* Doc. Nos. 287, 290, 291.) In the Government's opposition brief, the Government stipulates, "if the Court requires additional information from Mr. Brown directly, the United States requests that this Court find a partial waiver of the attorney-client privilege as to any communications necessary to address the claims raised by Holiday in his motion." (Doc. No. 290 at 22.) In response, Petitioner notes that he "is strongly opposed to any extension of this matter" and "strongly opposed to ordering Mr. Brown to provide an affidavit[.]" (Doc. No. 291 at 10 ¶ 14.)

"It has long been the rule in the federal courts that, where a *habeas* petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003). The Ninth Circuit identified "[t]hree important implications [that] flow from [the implied waiver] regime." *Id.* at 720. First, "the court must impose a waiver no broader than needed to ensure the fairness of the proceedings before it." *Id.* "Second, the holder of the privilege may preserve the confidentiality of the privileged communications by choosing to abandon the claim that gives rise to the waiver condition." *Id.* at 721. Third, "if a party complies with the court's conditions and turns over privileged materials, it is entitled to rely on the contours of the waiver the court imposes, so that it will not be unfairly surprised in the future by learning that it actually waived more than it bargained for in pressing its claims." *Id.*

Here, Petitioner's final ground for ineffective assistance of counsel is that Mr. Brown failed to call Petitioner's alibi witness, Petitioner's wife, Brijonna McNeely, to testify at his trial regarding Petitioner's location the night of the January 5, 2017, Arco station robbery. (Doc. No. 287-1 at 10.) The Ninth Circuit has recognized that "[f]ew decisions a lawyer makes draw so heavily on professional judgment as whether or not to proffer a witness at trial[,]" *Lord v. Wood*, 184 F.3d 1083, 1095 (9th Cir. 1999). However, "where

2

1  . . . a lawyer does not put a witness on the stand, his decision will be entitled to less
2  deference than if he interviews the witness." *Id.* at 1095 n.8.

3  Based on the record before the Court, is not clear whether Mr. Brown interviewed
4  Ms. McNeely prior to trial. In Petitioner's Motion to Vacate, Petitioner states, "trial counsel
5  Brown spoke directly to the witness, Brijonna McNeely, and verified [P]etitioner[']s alibi,
6  yet never raised it." (Doc. No. 287-1 at 10.) However, in Petitioner's traverse, Petitioner
7  claims that his former counsel "explored nothing, and thus had nothing to base a tactical
8  decision on . . . he [would have] had to talk to [Ms. McNeely] first and see what she would
9  have been able to testify to, and that did not happen here." (Doc. No. 291 at 9.) In the
10 interest of compiling a complete record, if Petitioner wishes to maintain his ineffective
11 assistance of counsel claim on this ground, the Court finds that good cause exists to waive
12 the attorney-client privilege between Petitioner and his former counsel, Mr. Brown, with
13 respect to their communications concerning whether Ms. McNeely would be called to serve
14 as an alibi witness as to Petitioner's location the evening of the January 5, 2017, robbery.
15 (Doc. No. 57 at 1–3.)

16 Accordingly, **IT IS ORDERED** that if Petitioner seeks to preserve the
17 confidentiality of the privileged communications concerning Ms. McNeely and whether
18 she would be called to serve as an alibi witness, Petitioner has **14 days** from the date of
19 this Order to abandon the fifth ground of his ineffective assistance of counsel claim that
20 gives rise to the waiver condition.

21 **IT IS FURTHER ORDERED** that if Petitioner does not object to the partial waiver
22 and seeks to maintain his ineffective assistance of counsel claim on the grounds that Mr.
23 Brown failed to call Petitioner's wife as an alibi witness, Mr. Brown must file an affidavit
24 responding Petitioner's allegations, and specifically whether Mr. Brown interviewed Ms.
25 //
26 //
27 //
28 //

1  McNeely prior to Petitioner's trial, within **21 days** from the date of this Order.

3  Dated: June 10, 2025

*[signature]*
Hon. Anthony J. Battaglia
United States District Judge